# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHERMAN BRISCOE HOLMES,
          Appellant,

       v.

DEPARTMENT OF VETERANS
   AFFAIRS,
          Agency.

DOCKET NUMBER
CH-0752-14-0714-I-1

DATE: November 15, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Julius L. Carter</u>, Esquire, Dayton, Ohio, for the appellant.

<u>Demetrious A. Harris</u>, Esquire, Cincinnati, Ohio, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly modified to address an additional consideration in the penalty determination, we AFFIRM the initial decision, still sustaining the removal.

## BACKGROUND

¶2     The agency removed the appellant from his position as a Medical Support Assistant in the Dental Service at a Veterans Affairs (VA) Medical Center facility in Ohio, effective July 11, 2014, based on a charge of inappropriate conduct. Initial Appeal File (IAF), Tab 4 at 20, 39. The charge was based on four specifications: (1) mishandling a December 5, 2013 telephone call from a nurse who needed to speak to a dentist to obtain post-surgical antibiotics and pain medication for a veteran; (2) mishandling another December 5, 2013 telephone call by leaving a veteran on hold for 1 hour before instructing him to call back the next day to make an appointment; (3) placing a veteran's wife on hold without her consent for 48 minutes before disconnecting her November 21, 2013 call and placing her on hold for 12 minutes during her January 2, 2014 call; and (4) calling his female coworkers "bitches" and using obscene language during a facilitated training meeting on March 7, 2014. *Id.* at 39-40.

¶3     The agency informed the appellant that, in proposing his removal, it considered his prior discipline consisting of a 14-day suspension beginning

August 26, 2011, for failure to follow supervisory instructions and inappropriate conduct, and his prior 14-day suspension beginning April 15, 2010, for inappropriate conduct. *Id.* at 40. Both of those disciplinary actions occurred during his employment at the VA Nursing Service before his reassignment to the Dental Service. *Id.* at 7, 39.

¶4      After holding a 3-day hearing, the administrative judge issued an initial decision finding that the agency proved specifications 1 and 4, sustaining the inappropriate conduct charge, and finding that the appellant failed to prove his affirmative defenses of harassment based on sexual orientation and retaliation for filing a police report against his supervisor. IAF, Tabs 34, 37, 40, Hearing Compact Discs (HCDs); IAF, Tab 41, Initial Decision (ID) at 1, 3-25. The administrative judge also found that the deciding official's personal knowledge of the appellant's prior disciplinary history did not constitute a violation of constitutional due process because the appellant was advised in the proposed removal notice that his prior discipline would be considered and he was aware of his personal history with the deciding official. ID at 18. The administrative judge found that the deciding official appropriately considered the relevant factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981), that the sustained misconduct was serious, that there was nexus between the misconduct and a legitimate Government interest, and that the penalty of removal was within the tolerable bounds of reasonableness. ID at 13, 18-21.

¶5      The appellant has filed a petition for review arguing the following: (1) the agency violated his due process rights; (2) the administrative judge abused her discretion by denying the appellant an opportunity to file a post-hearing brief; (3) the administrative judge erroneously concluded that the agency proved specifications 1 and 4; and (4) the appellant's post-traumatic stress disorder (PTSD) should have been considered as a mitigating factor in the initial decision. Petition for Review (PFR) File, Tab 1 at 9-16.

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>The administrative judge correctly determined that the appellant failed to prove that he was denied due process.</u>

¶6      When an agency intends to rely on aggravating factors, such as prior discipline, as the basis for imposing a penalty, such factors should be included in the advance notice of adverse action so that the employee will have a fair opportunity to respond to those factors before the agency's deciding official. *Lopes v. Department of the Navy*, 116 M.S.P.R. 470, ¶ 6 (2011). It is improper for a deciding official to rely on an employee's alleged negative past work record in determining the penalty when the employee was not disciplined for the purported misconduct and which is mentioned as an aggravating factor for the first time in a Board proceeding. *Id.* (citing *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376 (Fed. Cir. 1999)).

¶7      The Board's reviewing court has held that, if an employee has not been given "notice of any aggravating factors supporting an enhanced penalty[,]" an ex parte communication with the deciding official regarding such factors may constitute a constitutional due process violation. *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1280 (Fed. Cir. 2011).[2] When such circumstances are present, the court directed the Board to analyze whether the additional aggravating factors supporting an enhanced penalty constituted new and material information under the factors set forth in *Stone*. *Id.*

¶8      Pursuant to *Stone*, the Board will consider the following factors, among others, to determine whether an ex parte contact is constitutionally impermissible:

---

[2] The U.S. Court of Appeals for the Federal Circuit's reasoning rests on the decision of the U.S. Supreme Court in *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 538-39, 546-48 (1985), which held that a tenured public employee has a constitutionally protected property interest in ongoing public employment and that an agency may not deprive such an employee of his property interest without providing him with due process of law, including the right to advance notice of the charges against him, an explanation of the agency's evidence, and an opportunity to respond. *See Stone*, 179 F.3d at 1374-76.

(1) whether the ex parte communication merely introduces "cumulative" information or new information; (2) whether the employee knew of the error and had a chance to respond to it; and (3) whether the ex parte communications were of the type likely to result in undue pressure upon the deciding official to rule in a particular manner. *Stone*, 179 F.3d at 1377. If a constitutional violation has occurred, it cannot be considered a harmless error and the agency action must be reversed. *See Ward*, 634 F.3d at 1280.

¶9 In his petition for review, the appellant alleges that the administrative judge erred in not finding a due process violation under the U.S. Court of Appeals for the Federal Circuit's decisions in *Ward* and *Stone*. PFR File, Tab 1 at 9-14. The appellant argues that the agency denied his due process rights by failing to inform him that the deciding official considered misinformation about a prior removal action. *Id.* at 12-13. The appellant argues that the deciding official received ex parte information in a *Douglas* factor checklist, which incorrectly stated that the appellant's past disciplinary history included a removal. *Id.* at 12; IAF, Tab 4 at 24-28. The appellant argues that the agency did not inform him in the proposal notice that a prior removal action would be considered, although he was informed that the agency would consider his two prior 14-day suspensions. PFR File, Tab 1 at 12-13; IAF, Tab 4 at 39-41. He further argues that he did not have a prior removal and he had no opportunity to correct this misinformation upon which the deciding official relied. PFR File, Tab 1 at 12.

¶10 The record does not support a finding that the agency failed to notify the appellant of an aggravating factor actually relied upon by the deciding official. The deciding official testified that he considered the *Douglas* factors in reaching his decision to remove the appellant, but he did not prepare the *Douglas* factor checklist attached to his removal decision. IAF, Tab 34, HCD (testimony of the deciding official). Although the deciding official testified that he assumed the checklist was accurate, he further testified that he assumed that the removal mentioned on the checklist only referred to the removal he was implementing in

this case. *Id.* He also testified that the only past disciplinary actions he considered were two 14-day suspensions, noting that he believed that he showed mercy to the appellant when he was the deciding official in one of the actions that resulted in the appellant's suspension. *Id.* The deciding official did not testify that he considered or relied upon a prior removal or a proposed removal in addition to the suspensions identified in the proposal notice. Moreover, the appellant acknowledged that the agency provided notice that his two 14-day suspensions would be considered by the deciding official. PFR File, Tab 1 at 12.

¶11 The administrative judge considered but rejected the appellant's argument that the deciding official violated his due process rights and placed unfair emphasis on his past interaction with the appellant and his previous discipline. ID at 17-18; PFR File, Tab 1 at 12-14. A review of the initial decision shows that the administrative judge properly evaluated the hearing testimony and made credibility determinations in accordance with the standards set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). ID at 5-13; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate references, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶12 The appellant has not shown that the deciding official's decision, on the merits of the underlying charge or the penalty to be imposed, was influenced by new and material information not previously disclosed to the appellant.[3] First,

---

[3] The appellant filed a prior appeal with the Board challenging the agency's decision to remove him from service effective August 26, 2011, for failure to follow supervisory instructions and inappropriate conduct. IAF, Tab 4 at 97. The agency settled that appeal, by agreeing to reinstate the appellant, reassign him to a Medical Support Assistant position in the Dental Service, and mitigate the penalty to a 14-day suspension. *Id.* The Medical Center Director who signed the settlement agreement is the same official who decided to remove the appellant effective July 11, 2014, for the inappropriate conduct charged in this case. *Id.* at 99. The agency's notice of proposed removal in this case advised the appellant that the agency would consider his past record, including his 2011 suspension, in determining the proper disciplinary action.

the deciding official's testimony reflects that he was not introduced to new and material ex parte information about a prior removal action involving the appellant. Second, the appellant was aware that the deciding official also was involved in the settlement that mitigated his removal to a 14-day suspension, which was referenced in the proposal notice; therefore, the appellant had a chance to respond to it. Third, we find no evidence that the deciding official's personal knowledge of the appellant's past discipline was of the type likely to result in undue pressure to make any particular decision in this case. *See Stone*, 179 F.3d at 1376-77; *see also Norris v. Securities & Exchange Commission*, 675 F.3d 1349, 1353-54 (Fed. Cir. 2012) (finding that a deciding official's mere knowledge of an employee's earlier misconduct obtained before starting disciplinary proceedings was not new and material information and did not constitute an improper ex parte communication). We therefore find that the appellant did not prove that his due process rights were violated.

The administrative judge did not abuse her discretion by disallowing post-hearing briefs.

¶13    On review, the appellant also argues that the administrative judge abused her discretion by reversing her prior decision to allow post-hearing briefs. PFR File, Tab 1 at 18. We find that the appellant has not shown that the administrative judge prejudiced his substantive rights or abused her discretion by disallowing post-hearing briefs after affording the appellant a 3-day hearing to present his case on his appeal. It is within the administrative judge's discretion to keep the record open for a period of time after the hearing to allow the parties to submit additional evidence and argument. *See* 5 C.F.R. § 1201.59(a). Moreover, the appellant has not identified any new evidence, which the administrative judge's ruling allegedly precluded him from presenting and would have warranted

*Id.* at 40. Thus, the appellant knew that this prior history would be considered, and he was aware that the deciding official had personal knowledge of the prior removal action that was settled and resulted in the 2011 suspension.

an outcome different from that of the initial decision. Therefore, the appellant has shown no basis for reversing the initial decision. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

<u>The administrative judge correctly found that the agency proved the charge of inappropriate conduct.</u>

¶14     The Board's regulations require that the agency action must be sustained if it is supported by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(1)(ii). On review, the appellant argues that the agency failed to prove that he was the employee who mishandled the December 5, 2013 telephone call from the nurse in specification 1. PFR File, Tab 1 at 14-15. The appellant also challenges the administrative judge's finding that the agency proved specification 4. Concerning that specification, the appellant argues that he should not be penalized for speaking candidly as requested by management, and that the Deputy Service Chief "expected people to offend each other" during the meeting. *Id.* at 16. The appellant further argues that he did not direct his offensive words at any particular person and that he stopped using offensive language when directed to do so during the meeting. *Id.* at 18.

¶15     The administrative judge considered the documentary evidence and the witnesses' testimony during the 3-day hearing, and she found that the agency proved by preponderant evidence specifications 1 and 4 and the inappropriate conduct charge. ID at 3-13. Regarding specification 4, the administrative judge compared the agency's version of events during the meeting—that the appellant said words to the effect of "I want to help people, but when she's a BITCH, and she's a BITCH, and she's a BITCH, I just want to say FUCK IT!"—with the appellant's version—he only stated during the meeting that he "wanted to call [his female coworkers] bitches or other derogatory words." ID at 9-12; IAF,

Tab 4 at 40 (emphasis in original), 87; IAF, Tab 37, HCD (testimony of the appellant). The administrative judge found the appellant's version of the events "less credible." ID at 11. The administrative judge based this finding on the appellant's inconsistent statements, the largely consistent statements by agency witnesses that were reduced to writing shortly after the March 7, 2014 training meeting, the consistency of those written statements with the live testimony of an agency witness who was present at the meeting, and the "straightforward" demeanor of that agency witness.[4] ID at 11-12.

¶16    The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Contrary to the administrative judge, we do not find the appellant's statements—that he did not tell his supervisors about bullying based on sexual orientation, but he told the deciding official during his reply to the notice of proposed removal that the bullying was based on sexual orientation—to be inconsistent. ID at 11. However, our disagreement with the administrative judge on this issue does not warrant a different outcome because it is well established that when, as here, an administrative judge has heard live testimony, her credibility determinations must be deemed to be at least implicitly based upon the demeanor of the witnesses. *See Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1373 (Fed. Cir. 2016) (finding that the Board must defer to an administrative judge's demeanor-based credibility determinations, "[e]ven if demeanor is not explicitly discussed"); *Little v. Department of Transportation*, 112 M.S.P.R. 224, ¶ 4 (2009). Therefore, the administrative judge's credibility determinations are

---

[4] The administrative judge further found that this agency witness had no personal history with the appellant, was not the target of the derogatory term, and had no motive to exaggerate her testimony. ID at 11-12.

entitled to deference and the appellant has not presented sufficiently sound reasons to overturn her findings.

¶17    Ultimately, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for the thorough, well-reasoned, demeanor-based findings of the administrative judge.  *See Crosby*, 74 M.S.P.R. at 105-06; *Broughton*, 33 M.S.P.R. at 359.  We affirm her finding that the agency proved specifications 1 and 4.  Moreover, on review, the appellant does not specifically dispute that the two sustained specifications are more than sufficient to sustain the charge.  *See Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990).

¶18    Although the appellant also claims that the administrative judge omitted certain material facts, an administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision.  PFR File, Tab 1 at 11; *see Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).  The appellant's arguments on review present no reason to disturb the administrative judge's finding that the agency proved by preponderant evidence specifications 1 and 4 and the inappropriate conduct charge.

The removal penalty was reasonable for the sustained misconduct.

¶19    When, as here, all of the agency's charges are sustained, but some of the underlying specifications are not sustained, the agency's penalty determination is entitled to deference and should be reviewed only to determine whether it is within the parameters of reasonableness.  *Payne v. U.S. Postal Service*, 72 M.S.P.R. 646, 650 (1996).

¶20    The deciding official considered many relevant mitigating and aggravating factors, such as the following:  the appellant had 3 years and 11 months of service; his conduct was serious and offensive to his coworkers; and he had two prior 14-day suspensions for engaging in similar inappropriate conduct.  ID at 14-15; IAF, Tab 4 at 24-28, Tab 34, HCD (testimony of the deciding official).

The deciding official determined that removal was reasonable and rehabilitation was not possible under the circumstances because (1) the appellant's misconduct was serious and offensive, (2) he showed no remorse, and (3) he engaged in inappropriate conduct after two previous 14-day suspensions for similar inappropriate conduct. ID at 17-18. The administrative judge found that the agency weighed the relevant factors in implementing the appellant's removal, and the penalty of removal does not exceed the bounds of reasonableness. ID at 14-16, 18-21.

¶21    On review, the appellant reiterates that some of his coworkers made anti-gay statements and used anti-gay slurs in his presence, which created a hostile work environment, these coworkers were present during the March 7, 2014 training meeting, and he and his coworkers were encouraged during this meeting to discuss issues that were going on in the office to improve the work environment. PFR File, Tab 1 at 5, 9-10. The record reflects that the deciding official and the administrative judge did not specifically consider the appellant's allegations of harassment or bullying based on sexual orientation in their respective penalty analyses.[5] This was error. The deciding official and the administrative judge should have considered the appellant's allegations of bullying and harassment based on sexual orientation in this regard under *Douglas* factor 11, "mitigating circumstances surrounding the offense, such as unusual job tensions . . . [and/or] . . . harassment." *Douglas*, 5 M.S.P.R. at 305; *see Hanna v. Department of Labor*, 80 M.S.P.R. 294, ¶ 16 (1998) (stating that the

---

[5] For example, in the *Douglas* factors worksheet, the deciding official indicated that he did not consider any mitigating circumstances such as unusual job tensions, personality problems, harassment, or provocation by others involved. IAF, Tab 4 at 27-28. The deciding official testified that the appellant presented, as a mitigating circumstance, that he was treated differently due to his sexual orientation, but the deciding official was not asked, and he did not explain, how the appellant was treated differently. IAF, Tab 34, HCD (testimony of the deciding official). The administrative judge discussed the appellant's allegations of harassment or bullying in her evaluation of specification 4 and the appellant's sexual orientation discrimination claim, ID at 10-11, 13, 21-23, but she did not specifically discuss them in her penalty analysis, ID at 14-16, 18-21.

Board may consider in its penalty analysis the stress and tension created in a work environment when there is animus based on the appellant's national origin even if it finds that the agency did not discriminate against the appellant).

¶22     Therefore, we modify the initial decision to consider, as a mitigating factor, the appellant's statements in the record and his testimony regarding bullying and harassment in the workplace created by his coworkers' anti-gay statements and slurs in his presence, the fact that the coworkers that made the statements and slurs were present during the March 7, 2014 meeting, and that he and his coworkers were encouraged to raise issues during this meeting to improve the office work environment.  IAF, Tab 4 at 87, Tab 21 at 20-25, Tab 37, HCD (testimony of the appellant).  For the purposes of our analysis, we credit the appellant's statements and testimony in this regard, and we make clear that the offensive language described by the appellant cannot and should not be tolerated in the workplace.  However, these circumstances do not justify or explain *the appellant's* use of profane and offensive language during the March 7, 2014 training meeting, and we likewise do not condone *his* use of such language in the workplace.  Moreover, these circumstances have no relation to specification 1, which we have also sustained herein.  We conclude that such evidence does not warrant mitigation of the removal penalty.

¶23     The appellant further argues that his PTSD and side effects of his medication should have been considered as mitigating factors in the initial decision.  PFR File, Tab 1 at 18.  We find, however, that these factors were properly considered.  ID at 15-16.  The administrative judge found that the appellant did not provide any medical evidence to the deciding official and that the deciding official did not consider the condition as a mitigating factor.  ID at 15.  The administrative judge considered the appellant's testimony that he did not recall informing the deciding official that he had PTSD, and that he did not believe that his disability affected his ability to do his job.  *Id.*; IAF, Tab 37, HCD (testimony of the appellant).  The administrative judge also considered that

the appellant submitted evidence on appeal showing that he first sought a doctor's assessment on the day that he received the removal notice and that neither his physician's letter nor the testimony of witnesses at the hearing attributed the appellant's inappropriate conduct to a medical condition. ID at 15. The appellant submits no new and material evidence to the contrary on review. We therefore agree with the administrative judge's finding that the agency did not err in failing to consider the appellant's PTSD as a mitigating factor.

¶24     Having considered the appellant's arguments, we find that removal for the sustained misconduct is within the limits of reasonableness and promotes the efficiency of the service. We affirm the initial decision as modified and sustain the appellant's removal.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 U.S.C. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for

                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.